1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MICHAEL BOWLING,

                Petitioner,

       v.

RONALD BARNES, Warden,

                Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. ED CV 12-1424 ODW (JCG)

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY**

17
18
19
20

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

21
22
23

      Petitioner's Objections generally reiterate the arguments made in the Petition and Opposition, and lack merit for the reasons set forth in the Report and Recommendation.

24
25
26
27
28

      There is one issue, however, that warrants brief amplification here.  In his Objections, Petitioner provides the Court with his retainer agreement with his counsel, Pensanti and Associates ("Pensanti"), to support his claim that Pensanti's failure to file a timely federal habeas corpus petition justifies equitable tolling. [Dkt. No. 32 at 4-7.]

1

However, it is unclear from the retainer agreement whether Petitioner even hired Pensanti to file his federal habeas petition. (*Id.*)  Furthermore, Petitioner still provides no evidence that Pensanti's alleged wrongful conduct prevented him from preparing and filing a timely petition. *See Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005), *cert. denied*, 546 U.S. 1171 (2006).  Indeed, Petitioner again concedes that he received his trial transcripts in December 2010, nearly three months before his AEDPA deadline expired, and prepared and filed a state habeas petition in March 2011 without the assistance of counsel. [Dkt. No. 34 at 2.]  And, as discussed in the Report and Recommendation, Petitioner's state habeas petition contained claims identical to those raised in the instant Petition.  Thus, Petitioner has failed to meet his burden to establish equitable tolling.

Accordingly, IT IS ORDERED THAT:

1.     The Report and Recommendation is approved and accepted;

2.     Judgment be entered denying the Petition and dismissing this action with prejudice; and

3.     The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Thus, the Court declines to issue a certificate of appealability.

DATED:  May 1, 2013

_____
HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE